Michael E Carey
150 Big Pine Lane
Jersey Shore, PA, 17740
570-974-1227

# UNITED STATES BANKUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

----------------------------------------x

IN RE: Case Number: **23-02191**

MICHAEL E CAREY,

Debtor Judge: Hon. Mark J Conway

----------------------------------------x

MICHAEL E CAREY,

Plaintiff, Adversary Case No. 4:23-ap-00073-MJC

vs.

TOWD POINT MORTGAGE TRUST 2020-1, US BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE, SELECT PORTFOLIO SERVICING, INC.,

Defendants.

----------------------------------------x

**PLAINTIFF'S**
**<u>REPLY OF PLAINTIFF TO</u>**
**DEFENDANTS ANSWER**

Plaintiff Michael E Carey states the following to be true in this Reply to Defendant's Select Portfolio Servicing Inc Answer:

**Under Parties, Introduction, Plaintiff states**

1. Defendant assertion in their answers is ambiguous unsatisfactory and shifts the burden to prove legal standing forward a creditor to their debtor/plaintiff in this action.
2. Defendants' allegations in parties are merely subjective, unsubstantiated, and ambiguous. US Bank NA does not reside in Utah.
3. Plaintiff statements are based on law and records and rules.
4. Plaintiff challenges legal standing as a creditor/defendant in this court to come forward with documents showing that they owe the debt.
5. Defendant cannot prove that the assignment of alleged mortgage was deposited in 2020 when the trust closed or settled the assignment is stated in 2023 records from Select Portfoloio Servicing hereafter SPS shows.
6. The defendant/creditor failed to file a valid assignment which is necessary to claim as a creditor in this court that the creditor/defendant herein is entitled to collect on that debt. Defendant's responses are ambiguous.
7. The Uniform Commercial Code 3- 501 is the law which many creditors are ignoring, it is meant to protect consumers from fraud and obligate lender, holders, and successors of a mortgage instrument to present the original document to Borrowers, the undersigned in this case.
8. The Accounting for this defendant's/ creditor's monthly statements and documents filed with this court as a Proof of Claim are mysterious ambiguous unreliable. The alleged defendants' allegations as a creditor for the debt of $39,000 are inflated.
9. Plaintiff objects to defendants' assertion under point 6; there are.

records showing otherwise no other clarification is necessary.

**Under Facts Plaintiff replies:**

10. Regarding point 7 the defendants' allegations are ambiguous, facts and documents show the contrary. A certified notice was mailed, and service was accepted by your client SPS.

11. Regarding point 8; It is your own Servicer SPS which made the statements therefore cannot deny nor claim contradictory figures in other statements. The defendant did not answer the FDCPA notice of objection to plaintiff.

12. Regarding point 9; The strict proof is on court record. No further proof is necessary to prove it. Defendant's assertions are ambiguous, confusing, not concise, and not reliable.

13. Regarding point 10; Plaintiff rejects defendants' assertion as ambiguous, the proof is on official records, available for any party at the Edgar SEC, or official records.

14. Regarding point 11; The trust closed in 2020, only the fact that Towd Point Mortgage Trust 2020-1 is named as 2020, shows clearly that the Trust was executed in the year 2020. The Assignment of 2023 must have been submitted at the Closing in 2020 – Strange – official records speak for themselves - those records were given by SPS to undersigned.

15. Regarding point 12; The IRS rules can be viewed on the Internal Revenue website if needed regarding trust laws and rules, no further info is needed herewith.

16. Regarding point 13; No answer or reply is needed.

17. Regarding point 14; the indenture trustee is not a regular trustee Indenture trustee does not have the authority to represent a trust, it is merely a "Indenture "Trustee for filing records and plans for a trust.

18. Regarding point 15; the document speaks for himself defendant or counsel may needs English lessons.

19. Regarding point 16; no answer is needed defendant must provide documentation to show legal standing to collect on a debt.

20. Regarding point 17; the statements here are facts which show that the plaintiff still owes the alleged inflated debt claimed by defendant/creditor, but it shows that the original principal amount owed then in 2009 and today in 2024 is somehow the same. The accounting is not accurate, it jumps from 7000 to 16,000 within months during and shortly before filing the bankruptcy.

21. Regarding point 18; the plaintiff states a valid claim as a declaratory judgment described in point (a to (e in the conclusion in the complaint.

22. Regarding point 19; the plaintiffs have legal standing in this action within the bankruptcy proceedings. No further reply is needed.

23. Regarding point 20; defendant claims res judicata and Rocker Feldman doctrine as defense. The plaintiff claims herewith that there is no res judicata nor Rocker Feldman clause applicable here. Defendant in their own pleadings under number 2, admitting Plaintiffs Claim that there is no judgment in this case or matter. No further reply is necessary. It is astonishing that Defendants are coming unjustly with

this defense there was never a judgment regarding this dispute, the counsel is misleading all parties and the court.

24. Regarding point 21; there is no way Estoppel. The council is trying to confuse this court and make false statements.

25. Regarding point 22; plaintiff will mitigate damages on a later date or a later point when an accurate accounting is presented by SPS or U.S. Bank National Association as Indenture Trustee of the Towd Mortgage Trust 2020-1.

26. Regarding point 23; the plaintiffs complain it's a legal tool and his legal rights to defend this property from being taken illegally by this defendant with false documents in this bankruptcy court.

27. Regarding point 24; the defendants are the ones to pay or reimburse the plaintiff for damages. Defendants' assertions from being reimbursed are absurd – the claim is ambiguous, untruthful, and false.

28. Regarding point 25 the defendant has no other defenses than to mitigate a much lower or even complete forgiveness of the debt.

29. Regarding point 26; the defendant as a creditor cannot come into this court with false misleading supporting documents are testing to be a creditor and collect on a debt.

30. Plaintiff incorporates the Verified Complaint.

## Conclusion

Defendant's assertions are untruthful, false, misleading, ambiguous. The court should order discovery, and order plaintiff to provide accurate accounting as a defendant creditor for the alleged debt or as the court seems just improper.

**Wherefore,** Michael E Carey request for

a) Order to proceed with Discovery.
b) Order to have the original Note and Mortgage inspected.
c) Order Defendant to produce the original Note.
d) Order Defendant to produce reliable accounting.
e) Order that Plaintiff/Debtor can move forward with filing an Temporary Chapter 13 Plan
f) Or as this Court seems just and proper.

Respectfully Submitted

Dated: February 19, 2024

Michael E Carey

Michael E Carey

Michael E Carey
150 Big Pine Lane
Jersey Shore, PA, 17740
570-974-1227

# UNITED STATES BANKUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

----------------------------------------x

IN RE: Case Number: **23-02191**

MICHAEL E CAREY,

Debtor Judge: Hon. Mark J Conway

----------------------------------------x

MICHAEL E CAREY,

Plaintiff, Adversary Case No. 4:23-ap-00073-MJC

vs.

TOWD POINT MORTGAGE TRUST 2020-1, US BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE, SELECT PORTFOLIO SERVICING, INC.,

Defendants.

----------------------------------------x

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 19, 2024, the foregoing Plaintiff's Reply to Defendant's Answer was mailed by USPS regular mail to:

1. Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 13010 Morris Road, Suite 450, Alpharetta, GA, 30004
2. Jack N Zaharopoulos, Esq Standing Chapter 13 Trustee, 8125 Adams Drive, Suite A, Hummelstown, PA, 17036
3. US Bankruptcy Court, 197 S Main Street, Wilkes-Barre PA, 18701

Respectfully submitted.

Dated: February 19, 2024

Michael E Carey

Michael E Carey