| | |
|---|---|
| IN RE:<br><br>Michael E Carey,<br>      Plaintiff.<br><br>Michael E Carey,<br>      Plaintiff.<br><br>v.<br><br>Towd Point Mortgage Trust 2020-1, U.S. Bank National Association, as Indenture Trustee<br>      Defendant. | Chapter 13<br><br>Bankruptcy  4:23-bk-02191-MJC<br><br>Adversary No. 23-ap-00073-MJC |

**DEFENDANTS TOWD POINT MORTGAGE TRUST 202-1,**
**U.S. BANK NATIONAL ASSOCIATION'S, AS INDENTURE TRUSTEE**
**MOTION TO DISMISS PLAINTIFF'S MICHAEL E CAREY [DE 1]**

Defendant, Towd Point Mortgage Trust 202-1, U.S. Bank National Association, as Indenture Trustee the above-captioned Defendant (the "Defendant") by and through its undersigned counsel, hereby files this Motion to Dismiss Plaintiff Michael E. Carey's (the "Plaintiff") Complaint (DE 1), and states:

## I. PRELIMINARY STATEMENT

Defendant moves to dismiss this case for failure to state a claim on which relief may be granted. The Plaintiff's Adversary Complaint fundamentally rests on the Plaintiff's belief that the Defendant lacks authority to file pleadings and collect on the debt.

Defendant moves to dismiss the Adversary Complaint in its entirety.

Federal Rules of Civil Procedure 12(b)(6), made applicable to this adversary proceeding under Rule 7012 of the Federal Rules of Bankruptcy Procedure, provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted. The moving party "bears

the burden of showing that no claim has been presented." <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. See <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005); see also <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 228 (3d Cir. 2008); <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

However, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S. Ct. 2932; see also <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 173 L.Ed2d 868, 556 U.S. 662, 77 USLW 4387 (2009), ("[the Court] noted that the plaintiffs' assertion of an unlawful agreement was a 'legal conclusion' and, as such, was not entitled to the assumption of truth.")

## II. LEGAL ARGUMENT

### A. Motion to Dismiss Standards

The Supreme Court addressed requirements for a pleading under the Federal Rules of Civil Procedure to avoid dismissal for failure to state a claim in two important cases, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009).

The Supreme Court in <u>Twombly</u> held that although a complaint need not contain a detailed factual analysis, the "plaintiff's obligations to provide the ground of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Twombly</u> 550 U.S. at 555. Two years after reaching its holding in <u>Twombly</u>, the Supreme Court in <u>Iqbal</u>, held that "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009). "As the Court held in <u>Twombly</u>, [ ], the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007)). (Emphasis added). The Supreme Court stated that "A claim has facial plausibility when the

pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009) (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. Therefore, to overcome a motion to dismiss, the Complaint's allegations must move from simply be conceivable to be plausible.

The Bankruptcy Court in In re NorVergence, Inc., 424 B.R. 663 (Bankr. D.N.J. 2010) considered the utility of a Rule 12(b) (6) motion and stated that such a motion "serves to test the sufficiency of the factual allegations in the plaintiff's complaint." Id. at 686 (quoting In re DVI, Inc., et al, 2008 WL 4239120 at *1–2 (Bankr. D. Del. 2008)). The Court further noted that "[i]t is also designed 'to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity.'" Id. (quoting Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems, 988 F.2d 1157, 1160 (Fed. Cir. 1993), reh'g denied, Hess v. Advanced Cardiovascular Systems, Inc., 520 U.S. 1277 (1997)).

## B. The Court Lacks Subject-Matter Jurisdiction

"Federal Courts are presumed not to have jurisdiction without affirmative evidence of this fact." See Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293 (3d Cir. 2012). The party asserting that a court has jurisdiction bears the burden of proving that such jurisdiction exists. See Nuveen, at 293. In this case, the party necessarily asserting jurisdiction is the Plaintiff.

Recently, in the case of Scott v. US Bank, the Court determined that the Court's subject-matter jurisdiction does not extend to such matters where the bankruptcy estate's interests are not implicated. Scott v. U.S. Bank (In re Scott), 607 B.R. 211, 222 (Bankr. W.D. Pa. 2019). Furthermore, the United States Supreme Court has instructed that the jurisdiction of the bankruptcy courts "cannot be limitless" and thus, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." Smalis v. City of Pittsburgh Sch. Dist. (In re Smalis), 556 B.R. 703, 710 (W.D. Pa. 2016), aff'd, 684 F. App'x 109 (3d Cir. 2017)

(quoting <u>Celotex Corp. v. Edwards</u>, <u>514 U.S. 300, 308</u> & n. 16, <u>115 S.Ct. 1493</u>, <u>131 L.Ed.2d 403</u> (1995) <u>and Nuveen</u>, <u>692 F.3d at 294</u> ).

The applicable test for "related to" jurisdiction is found in the Third Circuit's opinion in <u>Pacor, Inc. v. Higgins</u>, <u>743 F.2d 984, 994</u> (3d Cir. 1984). The test articulated in <u>Pacor</u> is whether the outcome of a proceeding "could conceivably have any effect on the estate being administered in bankruptcy." <u>Id</u>. As the Third Circuit in <u>Pacor</u> held, this test is satisfied so long as a proceeding may impact "the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) <u>and</u> *which in any way impacts upon the handling and administration of the bankruptcy estate* ." <u>Id</u>. (underline and emphasis added); <u>accord Nuveen</u>, <u>692 F.3d at 293-94</u>. It is this latter component of the <u>Pacor</u> test which recognizes the prudential limitation of bankruptcy jurisdiction. That is, the outer limit of this Court's jurisdiction extends only to those matters which could conceivably affect the estate being administered in bankruptcy. Where the proceeding has no conceivable effect on the bankruptcy estate, this Court's jurisdiction is absent. <u>Scott v. U.S. Bank (In re Scott)</u>, 607 B.R. 211, 223 (Bankr. W.D. Pa. 2019).

The central issue in this adversary proceeding is the Plaintiff's contention that the Defendant does not have standing to collect on the debt because they lack the original Note. However, even if the Court were to find that the Defendant does not have standing to collect on the debt, that does not absolve the Plaintiff of the debt on the property or provide the Plaintiff with a free property. The Mortgage/Note would simply revert back to the party who assigned their rights to the Defendant, namely Santander. As such, the underlying debt to be paid by the estate would be unaffected. As such, this action has no conceivable effect on the estate and therefore this action cannot be considered as being a matter that is "related to" a case under title 11.

The case of <u>Scott v. U.S. Bank (In re Scott)</u>, 607 B.R. 211, 222 (Bankr. W.D. Pa. 2019), provided the following analysis of subject-matter jurisdiction in bankruptcy: Section 1334 of title 28 states, in pertinent part, that "district courts shall have original and exclusive jurisdiction of all cases under title 11 ... [and] original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." <u>See</u> 28 U.S.C. §§ 1334(a) and (b).

Section 157(a) of title 28 further states that a district court may provide that any such case or proceeding may "be referred to the bankruptcy judges for the district" and the bankruptcy court "may hear and determine [such] cases [and such proceedings] ... and may enter appropriate orders and judgments, subject to review under section 158 of this title." See id. at §§ 157(a) and (b)(1).

The United States District Court for the Western District of Pennsylvania has provided for the referral of the instant bankruptcy case and Adversary Proceeding to this Court by operation of the standing *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* , which provides that "any or all proceedings arising under [t]itle 11 or arising in or related to a case under [t]itle 11 ... be and they hereby are referred to the Bankruptcy Judges of this district for consideration and resolution." See Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc, adopted Oct. 16, 1984.

The statutory regime set forth above unequivocally provides that this Court only has subject-matter jurisdiction to hear and decide the Adversary Proceeding if the lawsuit constitutes any of the following: (1) a "case under" title 11, (2) a civil proceeding "arising under" title 11, (3) a civil proceeding "arising in" a case under title 11, or (4) a civil proceeding that is "related to" a case under title 11.

The first three types of subject-matter jurisdiction set forth above have their genesis in title 11 (i.e., the Bankruptcy Code). Specifically, a "case under" title 11 refers to the bankruptcy petition itself. In re Combustion Eng'g, Inc., 391 F.3d 190, 225 n. 38 (3d Cir. 2005). A proceeding "arises under" title 11 when the Bankruptcy Code creates the cause of action or when the Bankruptcy Code provides the substantive right that is being invoked. Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006) ; see also Halper v. Halper, 164 F.3d 830, 836-37 (3d Cir. 1999). Likewise, a proceeding "arises under" title 11 or "arises in a case under title 11" if the proceeding would have "no existence outside of bankruptcy." United States Trustee v. Gryphon at the Stone Mansion, Inc., 166 F.3d 552, 556 (3d Cir. 1999).

Because the Plaintiff's Adversary Proceeding is simply a state law cause of action challenging the standing of the Defendant to enforce a debt against the subject property, it is beyond dispute that the instant Adversary Proceeding does not fall within the ambit of bankruptcy subject-matter jurisdiction. Not only could the Plaintiff's claims be brought in a non-bankruptcy forum prior to the filing of the bankruptcy, the Plaintiff filing their bankruptcy disrupted the foreclosure proceedings in which these issues could have and should have been raised. Therefore, the Adversary Proceeding is not a "case under" title 11. It also is not a proceeding "arising in" or "under" a title 11 case. As such, this Court lacks subject matter jurisdiction to hear and decide this Adversary proceeding.

### C. Plaintiff's Challenge to Standing Lack Merit

Plaintiff's challenge to Defendant's standing to enforce the note and mortgage rests on the claim that the Defendant is not in possession of the original note.

Defendant does not dispute that it is not in possession of the original note. However, this position is not the obstacle to enforceability that the Plaintiff believes. The Defendant is in possession of a Lost Note Affidavit prepared by the prior holder Santander Bank. ***See exhibit A.*** Furthermore, after the original note was lost, Santander Bank assigned its rights to enforce the Lost Note and the Mortgage, which now sits with Defendant.

Regardless of what one might read on the internet, the fact that an Original Note was lost does not automatically render a debt not collectible nor does the Lost Note provide the Plaintiff with a free house. Lost Note Affidavits are a common tool in the mortgage industry, and many states have acted to protect the ability of creditors to collect on lost instruments. Pennsylvania codified the enforcement of a lost instrument in Title 13, Chapter 33 - Enforcement of Instruments.

In support of its position that it is entitled to enforce the Mortgage and the Note, Defendant has provided to this Court the Lost Note Affidavit as well as the subsequent assignments of Note and Mortgage. The debt was a Home Equity Line of Credit that was entered into with Sovereign Bank which later became Santander Bank. The Plaintiff then entered into a loan modification with Santander. Santander assigned its rights to MERS as nominee for Towd Point Mortgage Trust 2020-1. MERS then assigned its rights to First Key

Mortgage LLC.  First Key then assigned its rights Towd Point Mortgage Trust 2020-1. *See exhibit A.*

In the instant case, the Defendant, though not in possession of the original note, is in possession of a Lost Note Affidavit executed by Santander Bank, who assigned its rights to enforce the Lost Note and the Mortgage.  As such, the Plaintiff's central argument in this adversary proceeding lacks merit, and dismissal is appropriate.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Date: March 15, 2024

<div style="margin-left:40%">

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Authorized Agent for Secured Creditor
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 973-575-0707
Fax: 973-404-8886

 By: /s/ Michelle L. McGowan
Michelle L. McGowan, Esquire
PA Bar Number 62414 PA
Email: mimcgowan@raslg.com

</div>